1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED**
CLERK, U.S. DISTRICT COURT

**JUL - 3 2024**

CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

UNITED STATES OF AMERICA,

         Plaintiff,

         v.

GREGORY COLE, JR.,

         Defendant.

CR No. **2:24-CR-00409-PA**

I N D I C T M E N T

[18 U.S.C. §§ 2251(a), (e): Sexual Exploitation of a Child for the Purpose of Producing a Sexually Explicit Visual Depiction; 18 U.S.C. § 2422(b): Enticement of a Minor to Engage in Criminal Sexual Activity; 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Receipt of Child Pornography; 18 U.S.C. §§ 2253, 2428: Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2251(a), (e)]

Beginning on or about March 24, 2024, and continuing to at least on or about April 4, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant GREGORY COLE, JR., knowingly employed, used, persuaded, induced, enticed, and coerced Victim 1, an individual who had not attained the age of 18 years, to engage in sexually explicit conduct, as defined in the Title 18,

1  United States Code, Section 2256(2)(A), for the purpose of producing

2  a visual depiction of such conduct, which visual depiction was

3  produced using materials that had been mailed, shipped and

4  transported in and affecting interstate and foreign commerce by any

5  means, including by computer, and which visual depiction was

6  transported and transmitted using any means and facility of

7  interstate and foreign commerce and in and affecting interstate and

8  foreign commerce, including by computer.

2

COUNT TWO

[18 U.S.C. § 2422(b)]

Beginning on or about March 24, 2024, and continuing to at least on or about April 9, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant GREGORY COLE, JR., used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, namely, Victim 1, whom defendant COLE, JR. knew to be a sixteen-year-old girl, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

3

COUNT THREE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about April 4, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant GREGORY COLE, JR., knowingly received via Instagram, child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce, namely, the Internet, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant COLE, JR. received consisted of images of a minor, namely, Victim 1, engaged in sexually explicit conduct.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2253]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One or Three of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)   All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b)   All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)   All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property;

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value

5

1  of the property described in the preceding paragraph if, as the

2  result of any act or omission of the defendant, the property

3  described in the preceding paragraph, or any portion thereof: (a)

4  cannot be located upon the exercise of due diligence; (b) has been

5  transferred, sold to or deposited with a third party; (c) has been

6  placed beyond the jurisdiction of the court; (d) has been

7  substantially diminished in value; or (e) has been commingled with

8  other property that cannot be divided without difficulty.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 2428]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2428, in the event of the defendant's conviction of the offense set forth in Count Two of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)   All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense;

(b)   All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from such offense; and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2428(b)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with

7

1   other property that cannot be divided without difficulty.

2

3                                               A TRUE BILL

4

5                                               _____/s/_____
                                                Foreperson

6

7   E. MARTIN ESTRADA
    United States Attorney

8

9

10

11  MACK E. JENKINS
    Assistant United States Attorney
    Chief, Criminal Division

12

13  DAMARIS DIAZ
    Assistant United States Attorney
    Acting Chief, Violent & Organized

14  Crime Section

15  J'ME K. FORREST
    Assistant United States Attorney

16  Violent & Organized Crime Section

17

18

19

20

21

22

23

24

25

26

27

28